*C. W. McClery*, for plaintiff.

*C. D. Martin, M. A. Daugherty* and *George E. Martin*, for defendants.

## ACCORD AND SATISFACTION.

[Circuit Court of Hamilton County.]

BROWN-KETCHAM IRON WORKS v. L. P. HAZEN ET AL.

Decided, January 14, 1903.

*Accord and Satisfaction—Liquidated Sum Due—Acceptance of Draft for Less Sum.*

The law in Ohio as to accord and satisfaction does not differ from that of other states or of the federal courts in that, where a liquidated sum is due, the acceptance of a draft for a less sum in satisfaction thereof is binding as in full satisfaction, notwithstanding a want of full satisfaction.

SWING, J.; GIFFEN, J., and JELKE, J., concur.

PER CURIAM.

The facts which bear upon the question of accord and satisfaction are practically without dispute, and the question as to whether there was an accord and satisfaction or not, is the cardinal question submitted on error.

The Brown-Ketcham Iron Works made a contract with L. P. Hazen et al, whereby the latter were to do certain work for the contract price of $1,800. When it was done, over and beyond the contract, Hazen claimed $166.37 for extras, and Brown-Ketcham claimed $168.35 for the use of certain tools, etc. Both items were respectively disputed. The following letter was written:

"INDIANAPOLIS, IND., May 12, 1900.

"L. P. HAZEN & Co., Cincinnati, O.

"*Gentlemen:*—Herein please find draft on Fourth National Bank, Cincinnati, Ohio, No. 69252, in amount $469.90 in full

payment of all demands for labor and material in any way connected with the contract and extras on building being erected by the Globe-Wernicke Company at Norwood, O., Harry Hake, architect. This draft is in full settlement.

"The accompanying papers, made out by our Mr. F. J. Vinson, fully explain themselves.

"Yours very truly,

"BROWN-KETCHAM IRON WORKS,

"J. L. KETCHAM, *Secretary and Treasurer.*"

The draft for $469.90 brought the amount paid up to within $1.98 of $1,800.

Counsel for Hazen contends that as the amount paid was less than the liquidated item of $1,800, the rule laid down in *Cumber* v. *Wane*, 1 Strange, 426, that when a liquidated sum is due, the payment of a less sum in satisfaction thereof, though accepted as satisfaction, is not binding as such, for want of consideration, applies, and hence the retention and use of the $469.90 draft did not constitute an accord and satisfaction. Counsel for Brown-Ketcham contend that it did.

As to this rule, Chief-Justice Fuller said, in *Chicago M. & St. P. Ry. Co.* v. *Clark*, 178 U. S., 353, 365:

"The result of the modern cases is that the rule only applies when the larger sum is liquidated, and when there is no consideration whatever for the surrender of part of it; and while the general rule must be regarded as well settled, it is considered so far with disfavor as to be confined strictly to cases within it."

Also on page 367:

"And the cases are many in which it has been held that where an aggregate amount is in dispute, the payment of a specified sum conceded to be due, that is, by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction, will be sustained as an extinguishment of the whole."

In the case at bar, while the $1,800 item was not in dispute, the "*aggregate*" mutual accounting was. Brown-Ketcham's extreme claim was that they could only be charged in the sum of $1,800 less $168.35, that is, $1,631.65; while Hazen's extreme

claim was that they were entitled to $1,966.37. The sum actually paid was $1,798.02. That there was a latitude of dispute, even after this last payment, is shown by the charge of the court below, where it says:

"I do not know, gentlemen, whether or not, if all deductions are made, which side a balance would be in favor of. That, of course, is for you. Therefore I have caused to be prepared three forms of verdict."

But it is contended, conceding the law obtaining generally in the United States to be laid down in the *Chicago· M. & St. P. Ry.* v. *Clark, supra,* that the law in Ohio is different, and adheres more strictly to the rule of *Cumber* v. *Wane,* and reliance is had upon *Willis* v. *Bateman,* 1 O. S. C. D., 570, a case by our Supreme Court not officially reported.

This latter case, on its facts, is clearly within the rule of *Cumber* v. *Wane,* and there is nothing in it to indicate a different policy in Ohio from that followed by the federal and other state courts of limitation upon that rule to cases strictly within it.

We are therefore of the opinion that the acceptance, retention and use of the draft by Hazen, under the terms of Brown-Ketcham's letter, constituted an accord and satisfaction, and the court below erred in letting the case go to verdict.

Judgment reversed.

*Cobb, Howard & Bailey,* for plaintiff in error.

*O'Hara & Jordan,* contra.